IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,      )
                                  )
           Plaintiff,      )
                                  )
v.                               )  Case No. CR-03-203-D
                                  )    (No. CIV-08-44-D)
DAVID MARLAND LEONARD, JR.,    )
                                  )
           Defendant.     )

**O R D E R**

The matter before the Court is Defendant David Marland Leonard, Jr.'s Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 149], which was filed *pro se* on

January 14, 2008.  The government opposes the Motion on grounds that it is untimely and the sole

claim presented – ineffective assistance of trial counsel – lacks merit.  Defendant filed a reply brief

combined with a "Request That the Court Hold in Abeyance Its Decisions Until Newly Discovered

Evidence Is Introduced" [Doc. No. 154], which sought additional time to file documents in support

of his claims.  Defendant subsequently presented these documents in two supplemental filings,

which also contain additional arguments.[1]  The Motion is thus at issue.

### A.      Factual Background

On October 7, 2003, Defendant was charged by indictment with two counts of second degree

murder and one count of assault resulting in serious bodily injury within Indian Country, in violation

of 18 U.S.C. §§ 1111(a), 1153(a) and 113(a)(6).  The charges arose from a head-on automobile

---

[1]  To the extent these supplemental filings raise new claims or legal theories, they do not relate back
to the date of the original § 2255 motion and are time barred.  *See United States v. Espinoza-Saenz*, 235 F.3d
501, 504-05 (10th Cir. 2000).

collision between a vehicle driven by Defendant (who tested positive for Xanax, Valium, Soma, marijuana, and alcohol) and a vehicle carrying the victims.  A jury convicted Defendant of the assault charge and two counts of involuntary manslaughter, a lesser-included offense of second degree  murder.   On October 26, 2004, Defendant was sentenced to concurrent terms of imprisonment totaling 87 months.  Defendant's conviction was affirmed on direct appeal.  *See United States v. Leonard*, 439 F.3d 648 (10th Cir. 2006).  The Supreme Court denied his petition for a writ of certiorari on June 26, 2006.  *See Leonard v. United States*, 548 U.S. 917 (2006).

**B.      Timeliness**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a § 2255 motion.  *See* 28 U.S.C. § 2255(f).  As applicable here, the limitation period runs from "the date on which the judgment of conviction becomes final."  *Id*. § 2255(f)(1).  Recognizing that his Motion was not filed within this time period, Defendant asserts he is entitled to equitable tolling because an attorney whom he retained to assist him "never filed anything." *See* Motion [Doc. No. 149] at 6.  In his supporting brief, Defendant argues and presents evidence to establish the following facts related to equitable tolling:

> After the judgment became final on June 26, 2006, I sought to hire an attorney to draft and submit a motion to vacate, set aside, or correct the sentences pursuant to 28 U.S.C. § 2255. I discussed representation with multiple attorneys, but hired Mr. Irven Box, Box & Box Law Firm, on or about December 15, 2006 . . . . I immediately provided Mr. Box with the case file.
>
> Upon receipt and review of the case file, Mr. Box stated that he could get me post conviction relief and that he would be filing a § 2255 motion.  When the due date for filing the motion, which was June 26, 2007, was getting close, I commenced diligent efforts to get Mr. Box to file the motion.  Mr. Box erroneously believed and stated there was not a one-year time limitation and that he could still file the motion for "up to 20-years."
>
> Upon expiration of the applicable filing period, I fired Mr. Box and demanded a refund and immediate return of the case file.  Mr. Box returned all but

$2,500 of my money while still claiming he could get me relief based on ineffective assistance of counsel.  Mr. Box ostensibly stated that federal law, just as Oklahoma law, does not have a one-year time limit.  Mr. Box was simply wrong.

Mr. Box procrastinated and delayed returning the file for close to five months; June 26 - November 5, 2007. . . . .  December 15, 2006 to November 5, 2007 is the time subject to equitable tolling where Mr. Box had my file but did not file the motion as he promised and was paid to do.

*See* Def.'s Memorandum [Doc. No. 150] at 4.

The government seeks dismissal of the Motion as untimely because it was filed more than six months after the limitations period expired and Defendant's allegations in support of equitable tolling are insufficient to establish either extraordinary circumstances or due diligence.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).  The government argues that Defendant did not need to await the return of his papers to file his Motion because the underlying facts – the alleged ineffectiveness of his trial counsel – were well known to him.

In reply, Defendant acknowledges that he bears the burden to establish a basis for equitable tolling of the limitations period from the date his Motion was due (June 26, 2007) until the date it was filed (January 14, 2008).[2]  Defendant argues that the facts alleged in support of his Motion are

---

[2]  In his reply brief, Defendant utilizes the date he signed the Motion, January 11, 2008, and relies on the "prison mailbox" rule.  However, Defendant fails to satisfy prerequisites to this rule, which requires either (1) proof that he "made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid."  *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005); *see United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143-44 (10th Cir. 2004).  In any event, the 3-day difference between the two operative dates is inconsequential in this case.

sufficient because his file was intentionally withheld by his attorney, the file contained information

he needed to draft an "intelligent" motion, and the "attorney never began work on the § 2255 relief

as promised despite my repeated inquiries" and refused to return the file "despite many entreaties

to him that it was needed to pursue § 2255 relief pro se after firing him for not keeping his word to

seek that relief." *See* Def.'s Reply Br. [Doc. No. 154] at 3-4.  Defendant also alleges he diligently

pursued § 2255 relief throughout the one-year period until the time of filing, stating:

> During that period I:
>
> 1.    "shopped" for counsel;
>
> 2.    found Box & Box;
>
> 3.    arranged for Irven R. Box to represent me in the form of seeking § 2255 relief;
>
> 4.    relied on that representation until I found that Box had not kept his word and was not seeking § 2255 relief;
>
> 5.    fired Mr. Box;
>
> 6.    sought to get my case file returned for months so that I would have the facts to intelligently seek § 2255 relief pro se;
>
> 7.    obtained the case file in November of 2007; and
>
> 8.    figured out how to, and, with help, wrote this § 2255 motion in less than three months.

*Id*. at 4.

**C.    Discussion**

The court of appeals has held that, although negligence by an attorney retained to seek post-

conviction relief is insufficient, "egregious attorney misconduct may constitute 'extraordinary

circumstances' that justify equitable tolling." *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir.

2007).  The court concluded in *Fleming* that allegations of active deception by an attorney engaged

to prepare the petition – allegedly misrepresenting on several occasions that the work was progressing and a timely filing would be made – "may amount to an 'extraordinary circumstance.'" *Id*. at 1257.  However, a petitioner seeking the benefit of equitable tolling "must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely." *Id*. (internal quotation omitted).  The petitioner in *Fleming* alleged he became concerned about the impending deadline and "drafted his own petition with the aid of a prison inmate law clerk [and] submitted the draft to his counsel for review and filing in state court, but his counsel failed to file it until after the AEDPA limitations period expired."  *Id*. at 1256.  The court of appeals concluded that these allegations, if proven, might establish reasonable diligence and warrant equitable tolling of the limitations period from the time that the petitioner retained counsel until the petition was filed.  *Id*. at 1257.

Following *Fleming*, a panel of the court of appeals found a claim of attorney misconduct to be insufficient to warrant equitable tolling in *Rockwell v. Parker*, 267 F. App'x 783 (10th Cir. 2008).  The court there assumed a failure by retained counsel to inform the petitioner of the denial of his state court application for post-conviction relief "was sufficiently egregious to equitably toll the limitations period until [the petitioner] learned of the denial."[3]  *Id*. at 785.  However, within three days after learning of the denial, the petitioner terminated the representation and requested his file so he could pursue an appeal on his own.  Unlike *Fleming*, the petitioner in *Rockwell* "was not still relying on his attorney after his [termination] letter" and he "was not reasonably diligent because he waited [166 days] after learning the state post-conviction application had been denied to file the motion to appeal out of time [and] he did not need his files to make a proper motion."  *Id*.  Because

_____

[3]  The denial ended a period of statutory tolling under 28 U.S.C. § 2244(d)(2).

the 166 days exceeded the unexpired portion of the one-year limitations period, the court concluded that "equitable tolling is not appropriate given that the motion certainly could have been filed within the [remaining time] period after [the petitioner] became aware that counsel would not perform and would not be representing him." *Id*.

Here, unlike *Fleming* and *Rockwell*, Defendant's allegations that his retained counsel was mistaken about the one-year time limit does not establish egregious misconduct that prevented Defendant from making a timely filing. Defendant does not claim that Mr. Box misled him into believing a timely petition would be filed or promised him a filing was imminent. The conduct alleged by Defendant is, at most, attorney negligence or error concerning the time limit for filing. The court of appeals has consistently stated that "attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." *Fleming*, 481 F.3d at 1255-56 (internal quotation omitted); *see Flynn v. Kansas*, 299 F. App'x 809, 813 (10th Cir. 2008) (distinguishing *Fleming* because the petitioner did "not claim her counsel deceived her into believing he was actively pursuing her petition"); *see also Gunderson v. Abbott*, 172 F. App'x 806, 810 (10th Cir. 2006) (attorney error is not a basis for equitable tolling); *Pink v. McKune*, 146 F. App'x 264, 267 (10th Cir. 2005) (same); *Stanley v. Ward* 121 F. App'x 332, 335 (10th Cir. 2005) (allegation that petitioner retained an attorney to file a post-conviction application but the attorney failed to do so, "if true, is not an extraordinary circumstance that might warrant equitable tolling").

Moreover, the evidence submitted in support of equitable tolling belies any claim that Defendant reasonably believed Mr. Box was actively working on the petition from December, 2006, until the deadline expired without a filing. Defendant has presented a letter from Mr. Box dated December 7, 2006, stating only that Mr. Box had "time to help with your case and [was] anxious to

get started." *See* Def.'s Ex. E [Doc. No. 150-7] at 1.  The letter expressly stated: "You need to have someone contact me in order for me to set a fee and start any work on your case." *See id.*  With the letter, Defendant has filed a sworn declaration of his son, Brandon Leonard, stating Mr. Box was paid $2,500.00 in legal fees and agreed to go see Defendant at his correctional facility in Seagoville, Texas, and "work out the rest of the lawyer fees" after discussing the case with Defendant.  *See id.* at 2; *see also id.* at 3 (Mr. Box "stated he would take $2,500.00 go down and see [Defendant] and see what we can do . . . .").   Mr. Box reportedly promised to take the case and get started immediately, "all he needed was an [sic] substantial payment."  *Id.* at 2.  According to Brandon Leonard, Mr. Box was given the $2,500.00 payment "[i]n **July of 2007**."  *Id.* (emphasis added). Thus, by the time Mr. Box received the necessary payment to start work on the case, the one-year filing deadline had already expired.

Further, assuming the truth of Defendant's allegation that Mr. Box kept his case file for several months, this fact cannot establish reasonable diligence or an extraordinary circumstance that prevented a timely filing because Defendant states he first demanded the return of the file after the one-year limitations period had already expired.  Like a state post-conviction application filed after the end of the limitations period, extraordinary circumstances or filing efforts that occur outside the one-year period do not toll the running of the limitations clock.  *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (one-year period "cannot be tolled for time spent in state post-conviction proceedings because his applications for [state] post-conviction relief were not filed until after . . . the end of the limitations period"); *see also id.* at 1145 (allegations of mental incompetence which pre-dated the one-year period "do not suffice").  In short, Defendant has failed to establish that an "extraordinary circumstance" beyond his control prevented him from filing a § 2255 motion by June 26, 2007.

D.      **Actual Innocence**

"A claim of actual innocence may toll the AEDPA statute of limitations." *Laurson v. Leyba*,

507 F.3d 1230, 1232 (10th Cir. 2007).  This limited exception to the procedural default doctrine was

developed for a "narrow class of cases" to prevent "a fundamental miscarriage of justice." *Schlup*

*v. Delo*, 513 U.S. 298, 315 (1995) (internal quotation omitted).  "To be credible, such a claim

requires petitioner to support his allegations of constitutional error with new reliable evidence –

whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

evidence – that was not presented at trial." *Id*. at 324.  Further, the petitioner must "show that a

constitutional violation has probably resulted in the conviction of one who is actually innocent.  To

establish the requisite probability, the petitioner must show that it is more likely than not that no

reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327 (internal

quotation omitted).

Applying these standards to Defendant's allegations and evidence in this case, the Court

finds Defendant fails to present a colorable claim of actual innocence.  The only new evidence

presented is Defendant's own testimony and diagrams concerning the collision (which allegedly

were omitted from the trial due to ineffective counsel), evidence that the other driver's license had

been revoked, and perhaps, photographs regarding the accident scene (it is unclear whether these

were introduced at trial).  Defendant's conviction was based on the testimony of eyewitnesses,

investigating officers, an accident reconstructionist, photographs, and other evidence.[4] Defendant's

new evidence neither affirmatively demonstrates his innocence nor "does more than simply

undermine the finding of guilt against him." *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.

_____

[4] Evidence of his driving record was admitted only to show malice aforethought, an element of second-degree murder.  There was no basis to admit the other driver's record.

1999).  In short, Defendant's Motion does not suggest a probability "that no reasonable juror would have convicted him in light of the new evidence."  *Schlup*, 513 U.S. at 327.

### E.      Conclusion

For the above reasons, the Court finds that Defendant's § 2255 Motion filed January 14, 2008, is time barred.[5]

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S. C. §2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 149] is DISMISSED as untimely.

IT IS FURTHER ORDERED that Defendant's motions to hold the proceeding in abeyance [Doc. No. 154] and to expedite a ruling [Doc. No. 158] are DENIED as moot.

IT IS SO ORDERED this 17th day of June, 2009.

_____

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5]  Because the existing record shows Defendant is not entitled to relief, no evidentiary hearing is needed.  *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); *see* 28 U.S.C. § 2255.